|  |  |
|---|---|
| TODD C. BANK,<br><br>                         *Plaintiff*,<br><br>        -against-<br><br>ALLEVIATE TAX, LLC,<br><br>                        *Defendant*. | 1:23-cv-5457<br><br>**COMPLAINT** |

## INTRODUCTION

1.      Plaintiff, Todd C. Bank ("Bank"), brings this action for violations of a federal statute and a New York statute: respectively, the Telephone Consumer Protection Act, 47 U.S.C. Section 227 ("TCPA"), and New York General Business Law ("GBL") Section 399-p.

2.      Bank intends to seek to represent a class of all other persons whose rights under the TCPA were violated by Alleviate is a manner similar to that in which Defendant violated Bank's rights under the TCPA (the "Federal Class").

3.      Bank intends to seek to represent a class of all other persons whose rights under GBL Section 399-p TCPA were violated by Defendant is a manner similar to that in which Defendant violated Bank's rights under GBL Section 399-p (the "New York Class").

4.      The claims of the putative members of the Federal Class arose during the period beginning four years prior to the commencement of this action until the date of such commencement.

5.      The claims of the putative members of the New York Class arose during the period beginning three years prior to the commencement of this action until the date of such commencement.

6.      Bank seeks statutory damages and injunctive relief in connection with his claim under the TCPA.

7.     Bank intends to seek, on behalf of the putative members of the Federal Class, statutory damages and injunctive relief in connection with their claims under the TCPA.

8.     Bank seeks statutory damages and injunctive relief, and legal fees in connection with his claim under GBL Section 399-p.

9.     Bank intends to seek, on behalf of the putative members of the New York Class, statutory damages and injunctive relief, and legal fees in connection with their claims under GBL Section 399-p.

## PARTIES

10.     Plaintiff, Todd C. Bank ("Bank"), is a resident of the Eastern District of New York.

11.     Defendant, Alleviate Tax, LLC ("Alleviate"), is a limited-liability company organized and existing under the laws of California, and has a principal place of business at 2600 Michelson Drive, Suite 700, Irvine, California  92612.

## APPLICABLE LAW

**A.     Telephone Consumer Protection Act**

12.     The TCPA states that it is "unlawful . . . to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party." 47 U.S.C. § 227(b)(1)(B).

13.     The Federal Communications Commission ("FCC") is the agency that is authorized to issue regulations implementing the TCPA. *See* 47 U.S.C. § 227(b)(2).

14.     The FCC requires that "a[] telephone call to a[] residential line using an artificial or prerecorded voice to deliver a message" be preceded by "prior express written consent" if the telephone call "include[s] or introduce[s] an advertisement or constitute[s] telemarketing." 47 C.F.R. § 64.1200(a)(3)(iii).

15.     The TCPA and the FCC define "unsolicited advertisement" as "any material

advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227(a)(5), 47 C.F.R. § 64.1200(f)(16).

16. The FCC defines "telemarketing" as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." 47 C.F.R. § 64.1200(f)(13).

17. Persons to whose telephone line a call is made in violation of 47 U.S.C. Section 227(b)(1)(B) may bring an action to enjoin such violations and to recover, for each violation, the greater of the monetary loss caused by the violation or $500. *See* 47 U.S.C. Section 227(b)(3). If the court finds that a defendant willfully or knowingly violated Section 227(b)(1), the court may increase the award by up to $1,000 per violation. *See id.*

**B.    New York General Business Law Section 399-p**

18. New York General Business Law Section 399-p(3)(a) states that, "[w]henever telephone calls are placed through the use of an automatic dialing-announcing device, such device shall do all of the following: state at the beginning of the call the nature of the call and the name of the person or on whose behalf the message is being transmitted and at the end of such message the address, and telephone number of the person on whose behalf the message is transmitted, provided such disclosures are not otherwise prohibited or restricted by any federal, state or local law."

19. Persons to whose telephone line a call is made in violation of GBL Section 399-p are entitled to injunctive relief, the greater of actual damages or $50 per violation, and reasonable legal fees, and, in the event that a violation was committed willfully or knowingly, three times their actual damages, in a total amount of up to $1,000. *See* GBL Section 399-p(9).

**JURISDICTION AND VENUE**

20.     This Court has jurisdiction under 28 U.S.C. Section 1331.

21.     Venue is proper in this District pursuant to 28 U.S.C. Section 1391(b)(2).

**FACTS**

22.     On or about June 23, 2023, Alleviate made, or caused to be made, a telephone call ("Bank's First Alleviate Call").

23.     Bank's First Alleviate Call was made to a residential telephone line.

24.     At all relevant times, Bank was a regular user of the residential telephone line to which Bank's First Alleviate Call was made.

25.     Upon the answering of Bank's First Alleviate Call, a message was played that sounded robotic and was obviously pre-recorded ("Bank's First Alleviate Call Message").

26.     Bank's First Alleviate Call Message advertised tax-debt services.

27.     Upon the pressing a key on the telephone, Bank spoke with an employee of Alleviate.

28.     Bank's First Alleviate Call included and introduced an advertisement.

29.     Bank's First Alleviate Call constituted telemarketing.

30.     Bank's First Alleviate Call was made without the prior express written consent of any person who had the legal right to provide such consent.

31.     Bank's First Alleviate Call Message did not state, at the beginning of the message, the name of the person or on whose behalf the message was being transmitted.

32.     Bank's First Alleviate Call Message did not state, and at the end of such message, the address of the person on whose behalf the message was being transmitted.

33.     Bank's First Alleviate Call Message did not state, and at the end of such message, the telephone number of the person on whose behalf the message was being transmitted.

34.     On or about June 23, 2023, Alleviate made, or caused to be made, a telephone call ("Bank's Second Alleviate Call").

35.     Bank's Second Alleviate Call was made to a residential telephone line.

36.     At all relevant times, Bank was a regular user of the residential telephone line to which Bank's Second Alleviate Call was made.

37.     Upon the answering of Bank's Second Alleviate Call, a message was played that sounded robotic and was obviously pre-recorded ("Bank's Second Alleviate Call Message").

38.     Bank's Second Alleviate Call Message advertised tax-debt services.

39.     Bank's Second Alleviate Call included and introduced an advertisement.

40.     Bank's Second Alleviate Call constituted telemarketing.

41.     Bank's Second Alleviate Call was made without the prior express written consent of any person who had the legal right to provide such consent.

42.     Bank's Second Alleviate Call Message did not state, at the beginning of the message, the name of the person or on whose behalf the message was being transmitted.

43.     Bank's Second Alleviate Call Message did not state, and at the end of such message, the address of the person on whose behalf the message was being transmitted.

44.     Bank's Second Alleviate Call Message requested that the listener of the message call a particular telephone number (the "Alleviate Telephone Number").

45.     On or about June 23, 2023, Bank made a call to the Alleviate Telephone Number "(Bank's Call").

46.     Bank's Call was answered with the playing of pre-recorded material, following which an employee of Alleviate came onto the line.

47.     On or about June 29, 2023, Alleviate made, or caused to be made, a telephone call ("Bank's Third Alleviate Call").

48. Bank's Third Alleviate Call was made to a residential telephone line.

49. At all relevant times, Bank was a regular user of the residential telephone line to which Bank's Third Alleviate Call was made.

50. Upon the answering of Bank's Third Alleviate Call, a message was played that sounded robotic and was obviously pre-recorded ("Bank's Third Alleviate Call Message").

51. Bank's Third Alleviate Call Message advertised tax-debt services.

52. Bank's Third Alleviate Call included and introduced an advertisement.

53. Bank's Third Alleviate Call constituted telemarketing.

54. Bank's Third Alleviate Call was made without the prior express written consent of any person who had the legal right to provide such consent.

55. Bank's Third Alleviate Call Message did not state, at the beginning of the message, the name of the person or on whose behalf the message was being transmitted.

56. Bank's Third Alleviate Call Message did not state, and at the end of such message, the address of the person on whose behalf the message was being transmitted.

57. Alleviate placed, to recipients other than Bank, thousands of telephone calls that were identical or materially similar to Bank's First Alleviate Call and Bank's Second Alleviate Call (collectively, "Bank's Alleviate Calls") and that were made without the prior express written consent of any person who had the legal right to provide such consent ("Additional Alleviate Calls," and, together with Bank's Alleviate Call, the "Alleviate Calls").

58. The Alleviate Calls temporarily caused the receiving telephone line to be unavailable for other uses.

59. The Alleviate Calls disturbed the peace, solitude, and tranquility of Bank and the other Class Members.

60. The Alleviate Calls annoyed and frustrated Bank and the other Class Members.

6

61.     The Alleviate Calls were a nuisance to Bank and the other Class Members.

## FIRST CAUSE OF ACTION

62.     Plaintiff repeats and re-alleges, and incorporates herein, each and every allegation contained in paragraphs "1" through "61" inclusive of this Complaint as if fully set forth herein.

63.     The placement of the Alleviate Calls violated 47 U.S.C. Section 227(b)(1).

64.     Bank and the other Class Members are entitled to an Order, pursuant to 47 U.S.C. Section 227(b)(3)(A), enjoining Alleviate from violating 47 U.S.C. Section 227(b)(1).

65.     Bank and Class Members are entitled to statutory damages of $500 per violation pursuant to 47 U.S.C. Section 227(b)(3)(B).

66.     In the event that Alleviate willfully or knowingly violated 47 U.S.C. Section 227(b)(1), Bank and the other Class Members are entitled up to an additional $1,000 per violation pursuant to 47 U.S.C. Sections 227(b)(3)(C).

## SECOND CAUSE OF ACTION

67.     Bank repeats and re-alleges, and incorporates herein, each and every allegation contained in paragraphs "1" through "61" inclusive of this Complaint as if fully set forth herein.

68.     The placement of the Class Telephone Calls to New York Class Members violated GBL Section 399-p(3)(a).

69.     Bank and the other Members of the New York Class are entitled to an Order, pursuant to GBL Section 399-p(9), enjoining Defendant from violating GBL Section 399-p(3)(a).

70.     Bank and the other Members of the New York Class are entitled to statutory damages of $50 pursuant to GBL Section 399-p(9).

71.     Bank and the other Members of the New York Class are entitled to reasonable legal fees pursuant to GBL Section 399-p(9).

## CLASS ALLEGATIONS

72.     Bank brings this action individually, and as a Class Action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3) on behalf of: (i) the other Members of the Federal Robocall Class; and (ii) the other Members of the New York Class.

73.     Bank believes, with respect to each of the three Classes that are identified in the preceding paragraph, that there are thousands of persons whose claims are similar to Bank's individual claims, and, furthermore, that Bank's individual claims are typical of the claims of the other Class Members. Members of each Class have sustained damages arising out of Defendant's wrongful conduct in the same manner in which Bank has sustained damages arising therefrom.

74.     Bank will fairly and adequately protect the interests of each Class. Bank has no interests that are antagonistic to, or in conflict with, the Members of the Classes. Indeed, Bank's interests are, for purposes of this litigation, coincident with the interests of the other Class Members.

75.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy. Because each of the Classes are so numerous that joinder of all Members is impracticable, and because the damages suffered by most of the individual Members of the Classes are too small to render prosecution of the claims asserted herein economically feasible on an individual basis, the expense and burden of individual litigation makes it impractical for Members of the Classes to adequately address the wrongs complained of herein. Bank knows of no impediments to the effective management of this action as a class action.

76.     Common questions of law and fact predominate over questions that affect only individual Federal Robocall Class Members. Among those questions are:

(i)      whether telephone calls were made to residential telephone lines by, or at the direction of, Defendant;

(ii)     whether Defendant violated Section 227(b)(1) of the TCPA;

(iii) whether Defendant willfully or knowingly violated Section 227(b)(1) of the TCPA;

(iv) whether the Members of the Federal Robocall Class are entitled to injunctive relief as a result of Defendant's violations of Section 227(b)(1) of the TCPA; and

(v) whether the Members of the Federal Robocall Class are entitled to damages as a result of Defendant's violations of Section 227(b)(1) of the TCPA, and, if so, how much.

77. Common questions of law and fact predominate over questions that affect only individual New York Class Members. Among those questions are:

(i) whether telephone calls were made to residential telephone lines by, or the direction of, Defendant using equipment that was capable of storing telephone numbers to be called and that was used, either alone or in conjunction with other equipment, to disseminate a prerecorded message to the telephone numbers that were called without the use of an operator, wherein the telephone number to which the such calls were made was a New York telephone number;

(ii) whether Defendant violated GBL Section 399-p(3)(a);

(iii) whether the Members of the New York Class are entitled to injunctive relief as a result of Defendant's violations of GBL Section 399-p(3)(a);

(iv) whether the Members of the New York Class are entitled to damages as a result of Defendant's violations of GBL Section 399-p(3)(a); and

(v) whether the Members of the New York Class are entitled to reasonable legal fees as a result of Defendant's violations of GBL Section 399-p(3)(a).

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

(a) Pursuant to 47 U.S.C. Section 227(b)(3)(A), an order enjoining Defendant from violating 47 U.S.C. Section 227(b)(1);

(b) Pursuant to 47 U.S.C. Section 227(b)(3)(B), statutory damages of $500 per violation of 47 U.S.C. Section 227(b)(1) for Plaintiff and the other Members of the Federal Robocall Class;

(c) Pursuant to 47 U.S.C. Section 227(b)(3)(C), up to $1,000 of statutory damages for Plaintiff and the other Members of the Federal Robocall Class, in addition to the statutory damages prayed for in the preceding paragraph, if the Court finds that Defendant knowingly or willfully

violated 47 U.S.C. Section 227(b)(1);

(d)     Pursuant to New York General Business Law Section 399-p(9), damages of $50 per violation of New York General Business Law Section 399-p(3)(a) for Plaintiff and the other Members of the New York Class;

(e)      Pursuant to New York General Business Law Section 399-p(9), an order enjoining Defendant from violating New York General Business Law Section 399-p(3)(a); and

(f)     An award, to Plaintiff and the other Members of each Class, of the costs and disbursements of this action, and reasonable legal fees, and such other and further relief as this Court deems just and proper.

Dated: July 19, 2023

Respectfully submitted,

  s/ *Todd C. Bank*
TODD C. BANK,
  ATTORNEY AT LAW, P.C.
119-40 Union Turnpike
Fourth Floor
Kew Gardens, New York 11415
(718) 520-7125
By Todd C. Bank

*Counsel to Plaintiff*