UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x

TODD C. BANK,

                Plaintiff,

- against -               **MEMORANDUM & ORDER**
                                                  23-CV-5457 (PKC) (PK)

ALLEVIATE TAX, LLC,

                Defendant.

-------------------------------------------------------x

PAMELA K. CHEN, United States District Judge:

      Plaintiff Todd C. Bank ("Plaintiff"), an attorney proceeding *pro se*, brings this action individually and on behalf of three proposed classes against Alleviate Tax, LLC ("Defendant" or "Alleviate"), alleging a violation of Section 227(b)(1) of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b)(1); a violation of the TCPA's Federal Do-Not-Call Registry ("DNCR") regulation, 47 U.S.C. § 227(c)(5), 47 C.F.R. § 64.1200(c)(2); and New York's General Business Law ("GBL") § 399-p.[1] Before the Court is Defendant's motion to dismiss Plaintiff's First Amended Complaint ("FAC"). For the reasons discussed below, Defendant's motion is granted.

---

[1] Plaintiff is no stranger to this Court, as he has initiated numerous lawsuits on his own behalf in the Eastern District of New York. *See, e.g.*, *Bank v. Spark Energy, LLC*, No. 19-CV-4478 (PKC) (LB); *Bank v. CreditGuard of Am., Inc.*, No. 18-CV-1311 (PKC) (RML); *Bank v. Am. Renewable Energy Inc.*, No. 18-CV-43 (PKC) (LB); *Bank v. Am. Home Shield Corp.*, No. 10-CV-4014 (PKC) (RER); *see also Bank v. Dimension Serv. Corp.*, No. 23-CV-2467 (AMD) (JAM); *Bank v. Consumer Tax Advoc., LLC*, No. 23-CV-9229 (HG) (CLP); *Bank v. Cogint, Inc.*, No. 18-CV-3307 (WFK) (PK); *Bank v. All. Sec. Inc.*, No. 19-CV-3970 (EK) (LB). The vast majority of the actions that Plaintiff has brought in this District, especially for the last nine years, are for violations of the TCPA and GBL.

## BACKGROUND

I. **Relevant Facts**[2]

In the present action, Plaintiff alleges that he received three automated calls from Defendant—two on or about June 23, 2023 (FAC ¶¶ 20, 32), and one on or about June 29, 2023 (*id.* ¶ 45). These calls were all made to a residential phone number for which Plaintiff "was a regular user." (*Id.* ¶¶ 21–22; 33–34; 46–47.) "Upon [] answering [the call,] . . . a message was played that sounded robotic . . . ." (*Id.* ¶¶ 23, 35, 48.) All three calls "advertised tax-debt services," "included and introduced an advertisement," and "constituted telemarketing." (*Id.* ¶¶ 24–26, 36–38, 49–51.)[3] Neither the name or address of the person on whose behalf the message was being transmitted was disclosed at the beginning or the end of the call. (*Id.* ¶¶ 29–31; 40–41; 53–54.) Plaintiff pressed a button on his telephone during the first call he received, on or about June 23, that allegedly "transferred [him] to an employee of Alleviate named Jack Patnoe." (*Id.* ¶ 27.) After receiving the second call on or about June 23, Plaintiff called the telephone number provided during the call and an alleged "employee of Alleviate came onto the line." (*Id.* ¶¶ 42–44.)

Plaintiff did not give "prior express written consent" to receive any of these three calls. (*Id.* ¶¶ 28, 39, 52.) The three calls "temporarily caused the receiving telephone line to be

---

[2] The Court "must take all of the factual allegations in the complaint as true, . . . [but is] not bound to accept as true a legal conclusion couched as a factual allegation." *Pension Benefit Guardian Corp. ex rel. St. Vincent Cath. Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 717 (2d Cir. 2013) (internal quotation marks and citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[F]or the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true.") (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *id.* ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). Where the Court finds, as discussed *infra*, that a factual allegation in the FAC is, in reality, a legal conclusion, the Court has prefaced the statement with "Plaintiff alleges" or "allegedly."

[3] This is the entire description of each of the three calls' contents in the FAC. (*Id.*)

unavailable for other uses." (*Id.* ¶ 56.) Further, these calls not only "annoyed and frustrated" Plaintiff, but they also "disturbed [his] peace, solitude, and tranquility . . . ." (*Id.* ¶¶ 57–58.)

## II.  Relevant Procedural History

Plaintiff filed his original complaint on July 19, 2023. (*See generally* Compl., Dkt. 1.) On August 9, 2023, Defendant requested a pre-motion conference ("PMC") on its anticipated motion to dismiss the Complaint and also moved for a stay of discovery pending the resolution of a motion to dismiss. (*See* Dkts. 10, 11.) The Honorable Peggy Kuo granted Alleviate's motion to stay discovery the next day. (*See* 8/10/2023 Docket Order.) On August 11, 2023, Plaintiff amended his complaint,[4] which is the operative pleading in this case. (*See* Dkt. 12.) Defendant then filed an amended PMC request on August 25, 2023. (*See* Dkt. 15.)

After reviewing both the amended PMC request and Plaintiff's response letter (Dkt. 16), the Court determined and advised the parties that it would construe Defendant's amended PMC request as the operative motion to dismiss and Plaintiff's response as his opposition. (*See* 9/5/2023 Docket Order.) The Court allowed additional letter briefing to supplement the original amended PMC filings, which were submitted to the Court on September 19, 2023. (*See* Dkts. 18, 19.)

## LEGAL STANDARD

To survive a motion to dismiss for failure to state a claim for relief pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556

---

[4] The Court notes that Plaintiff filed the FAC 23 days after serving his original complaint without leave of the Court. (*See* Summons, Dkt. 4.) Therefore, the FAC falls outside of Rule 15(a)(1)(A)'s 21-day window for amending pleadings as a matter of right. *See* Fed. R. Civ. P. 15(a)(1)(A). However, because leave to amend should be freely granted when justice so requires, and in the absence of any challenge by Defendant, the Court accepts the FAC as his operative pleading. *See U.S. Flour Corp. v. Certified Bakery, Inc.*, No. 10-CV-2522 (JS) (WDW), 2012 WL 728227, at *1 n.1 (E.D.N.Y. Mar. 6, 2012) (adopting same approach).

U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hogan v. Fischer*, 738 F.3d 509, 514 (2d Cir. 2013). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *see also Hogan*, 738 F.3d at 514. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678; *see also Pension Benefit Guardian Corp.*, 712 F.3d at 718. Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. In considering a motion to dismiss for failure to state a claim, courts "may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678; *see also Pension Benefit Guardian Corp.*, 712 F.3d at 717 ("Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." (internal quotation marks and citations omitted)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Pension Benefit Guardian Corp.*, 712 F.3d at 717 (quoting *Iqbal*, 556 U.S. at 679).

"Although allegations drafted by *pro se* plaintiffs are generally held to less stringent standards than formal pleadings drafted by lawyers, . . . *pro se* attorneys cannot claim the special consideration, . . . customarily grant[ed] to *pro se* parties." *Appel v. Hayut*, No. 20-CV-6265 (JPC), 2021 WL 2689059, at *8 (S.D.N.Y. June 30, 2021), *aff'd sub nom. Appel v. Cohen*, No. 22-170,

4

2023 WL 1431691 (2d Cir. Feb. 1, 2023) (internal quotation marks and citations omitted). "[T]his is because attorneys have knowledge of the law[.]" *Este-Green v. Meta Platform, Inc.*, No. 24-CV-35 (NJC) (AYS), 2024 WL 99487, at *1 (E.D.N.Y. Jan. 8, 2024) (citing *Fenner v. City of N.Y.*, No. 08-CV-2355 (BMC) (LB), 2009 WL 5066810, at *3 (E.D.N.Y. Dec. 21, 2009)).

## DISCUSSION

Defendant argues that the FAC fails to state a claim for the three causes of action Plaintiff brings—one count under Section 227(b)(1) of the TCPA, one count related to the DNCR regulation, and one count under the GBL. The Court finds that Plaintiff has failed to sufficiently plead his TCPA and DNCR claims against Alleviate and that these claims must be dismissed. The Court is also denying Plaintiff's request to file an amended complaint to cure the deficiencies in his TCPA and DNCR claims. Because the Court is dismissing the federal claims in this action without leave to amend, it declines to exercise supplemental jurisdiction over Plaintiff's GBL claim.

### I.    Plaintiff's TCPA Claims

#### A.    Section 227(b) of the TCPA ("TCPA Claim")

Section 227(b)(1)(B) of the TCPA makes it "unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States . . . *to initiate* any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party[.]" 47 U.S.C. § 227(b)(1)(B) (emphasis added). "In order to state a plausible claim for direct liability under [S]ection 227(b)(1) of the TCPA, 'a plaintiff must allege that a defendant initiated an unlawful call.'" *Bank v. Vivint Solar, Inc.*, No. 18-CV-2555 (MKB), 2019 WL 2280731, at *2 (E.D.N.Y. Feb. 25, 2019) (quoting *Bank[] v. Pro Custom Solar*, 17-CV-613 (LDH) (JO), 2018 WL 3637960,

5

at *2 (E.D.N.Y. July 31, 2018)), *R. & R. adopted*, No. 18-CV-2555 (MKB) (RLM), 2019 WL 1306064 (E.D.N.Y. Mar. 22, 2019). In order for a plaintiff to assert a TCPA violation under a theory of vicarious liability, "a plaintiff . . . must allege an agency relationship between the maker of the call, such as a marketing company, and the defendant. . . . The existence of *some* connections between the defendant and the maker of the call will not suffice[.]" *Id.* at *3 (internal quotation marks and citation omitted). "[C]laims based on alleged violations of the TCPA need not be pled with particularity." *Jackson v. Caribbean Cruise Line, Inc.*, 88 F. Supp. 3d 129, 138 (E.D.N.Y. 2015) (citations omitted).

Defendant argues that Plaintiff's "barebones" FAC fails to state a violation of the TCPA because it does not allege facts from which it can be plausibly inferred that Alleviate initiated the three calls, "such as the dialing number, or how Plaintiff knows each call came from Alleviate." (Def.'s Letter Mot., Dkt. 15 (hereinafter "Def.'s Mot."), at 2.) Plaintiff counters that Defendant's argument "ignores" the FAC's "allegation that, with respect to the telephone call that I answered, . . . I 'was transferred to an employee of Alleviate named Jack Patno[e]'[,]" referring to the first call that was placed on June 23, 2023. (Pl.'s Letter Opp'n, Dkt. 16 (hereinafter "Pl.'s Opp'n"), at 1 (internal citation omitted); *see also* FAC ¶ 27.) The Court agrees with Defendant that the FAC fails to allege sufficient facts to state a TCPA claim against Alleviate.

In support of its argument, Defendant cites several authorities, including *Vivint Solar* (notably one of Plaintiff's other TCPA lawsuits), for the proposition that Plaintiff has still failed to state a claim because, even if Plaintiff was eventually transferred to an Alleviate representative (i.e., Jack Patnoe), "Plaintiff was contacted by a third-party who transferred the call to Alleviate" and for TCPA liability to attach, "there must be a 'direct connection' between the person or entity and the making of the call." (Def.'s Supp. Letter Mot., Dkt. 18 (hereinafter "Def.'s Supp. Mot."),

6

at 2 (quoting *In the Matter of Rules & Reguls. Implementing the Tel. Consumer Prot. Act of 1991*, 30 F.C.C. Rcd. 7961 (2015) ("*2015 FCC Ruling*"))); *see also Vivint Solar, Inc.*, 2019 WL 2280731, at *4–5.

In *Vivint Solar*, Plaintiff pressed a button on his telephone during an automated call that transferred him to an individual who then, in turn, told Plaintiff he would receive a follow-up call in approximately 30 minutes. *Vivint Solar*, 2019 WL 2280731, at *1. Plaintiff received a follow-up call at the designated time, and the caller identified himself as a Vivint employee, who stated during their conversation that, "Vivint regularly uses telephone calls with prerecorded material advertising Vivint's services." *Id.* Other than these details, Plaintiff in *Vivint Solar* did not include the number of the initial caller and stated only that the defendant "placed, or directed to be placed," the prerecorded call. *Id.* at *2. Based on these facts, the court concluded that Plaintiff had failed to establish Vivint's direct liability for the offending call because the Vivint employee's comment was "an insufficient basis upon which to infer that Vivint *made* the specific Prereorded Call . . . ." *Id.* at *3 (emphasis added). The *Vivint Solar* court went on to address Plaintiff's allegation that Vivint was vicariously liable for the automated call and found that Plaintiff had failed to sufficiently allege this theory of liability because he did not plead an agency relationship between the initiator of the call and Vivint. *Id.* In conducting its vicarious liability analysis, the *Vivint Solar* court noted that Plaintiff had provided "no details as to the content of the Prerecorded Call from which he could have inferred that it was placed by an agent of Vivint." *Id.* at *4. Additionally, Plaintiff did "not identif[y] any statements made by [Vivint] that would have led [plaintiff] to reasonably believe that the maker of the Prerecorded Call had authority to act on Vivint's behalf." *Id.* The court further noted that "Bank [also did not] allege that following the Prerecorded Call, he was transferred to a live person who informed him that he was a representative

of defendant or was promoting defendant's goods and services." *Id.* In a footnote attached to this sentence, the *Vivint Solar* court added: "Even had [a direct transferal] happened, at least one court has held that '[t]he transfer of the call [to the defendant] does not establish that Defendant exerted control over the initiator of the call, supervised or controlled the initial call, or maintained any sort of relationship with the initiator of the call, and thus is insufficient to establish an agency relationship between the transferor and [the defendant].'" *Id.* at *4 n.7 (quoting *Childress v. Liberty Mut. Ins. Co.*, No. 17-CV-1051 (MV) (KBM), 2018 WL 4684209, at *4 (D.N.M. Sept. 28, 2018)).

Here, just as in *Vivint Solar*, Plaintiff asserts, "in conclusory fashion, that [Defendant] 'placed, or directed to be placed,'" the calls at issue. 2019 WL 2280731, at *2. Plaintiff concedes that while the calls "advertised tax-debt services" (FAC ¶¶ 24, 36, 49), the calls "did not state" at the beginning or end of the messages "the name of the person or on whose behalf the message was being transmitted." (*Id.* ¶¶ 29–31; 40–41; 53–54.) And, as to the other two calls, Plaintiff's description of them utterly fails to connect them to Defendant or even to each other. (*Id*. ¶¶ 37–38, 50–51 (describing the second and third calls simply as having "included and introduced an advertisement" and "constituted telemarketing," respectively).)[5] Further, the FAC "is silent as to the caller ID displayed" during these calls. *Vivint Solar*, 2019 WL 2280731, at *2. And despite Plaintiff alleging that he was directly transferred to an Alleviate employee—a fact that was not

---

[5] Indeed, the Court is skeptical that none of the three calls identified a specific person or entity, since they are described in the FAC as either "advertisements" or "telemarketing." Yet the FAC is devoid of any details about the contents of those calls. *Compare* Am Compl., *Bank v. CreditGuard of Am., Inc.*, 18-CV-1311 (PKC) (RLM) (E.D.N.Y. Jun. 11, 2018), ECF No. 20, ¶¶ 18–19, 27 (Plaintiff Bank providing verbatim recitation of allegedly pre-recorded call from which Plaintiff was transferred to one of the defendants' representatives, which led to a live conversation with transferee-defendant's representative indicating that the pre-recorded call likely came from the other defendant).

8

present in *Vivint Solar*—his pleadings still shed no light on who initiated the offending call, which is necessary to allege direct liability under the TCPA. *Id.*

Nor do the facts alleged for the second of the three calls adequately set out a TCPA violation. During that call, which also occurred on June 23, 2023, the message "requested that the listener of the message call a particular telephone number . . . ." (FAC ¶ 42.) The FAC alleges that when Plaintiff called that number, the call "was answered with the playing of pre-recorded material, following which an [alleged] employee of Alleviate came onto the line." (*Id.* ¶ 44.) But the FAC provides absolutely no factual basis for its assertion that the person who answered the call "was an employee of Alleviate."[6] Because there is even less of a nexus between Defendant and the second call as alleged in the FAC, Plaintiff has failed to adequately plead a TCPA violation for this call as well.

Plaintiff neither alleges in the FAC nor argues in his papers a violation of the TCPA under a theory of vicarious liability. Nor could he. Plaintiff simply states in conclusory fashion that Jack Patnoe was an Alleviate employee. There are no other details of the call with Patnoe in the FAC, such as, for example, details about how Plaintiff was informed that the representative at the other end of line worked for Defendant, or further context regarding whether the initiator of the call contracted to sell Defendant's services. *Cf. Bank[] v. Pro Custom Solar*, 416 F. Supp. 3d 171, 174

---

[6] This attempted sleight of hand is emblematic of Plaintiff's FAC, throughout which Plaintiff simply asserts in conclusory, unsupported fashion that Alleviate was behind the alleged conduct. (*See*, *e.g.*, FAC ¶ 20 ("Alleviate made, or caused to be made, a telephone call ('Bank's First Alleviate Call').", ¶ 23 (labeling first call message "Bank's First Alleviate Call Message"), ¶¶ 32, 35, 45, 48 (asserting that second and third calls were made or caused to be made by "Alleviate" and labeling them and the related messages as such), ¶ 27 (alleging that Bank "was transferred to an employee of Alleviate named Jack Patnoe"), ¶ 42 (labeling the phone number provided during the second call as the "Alleviate Telephone Number").) However, simply asserting a purported fact does not make it one, where there are no factual allegations to support the asserted conclusion.

(E.D.N.Y. 2018) (finding Plaintiff had sufficiently pleaded a TCPA violation because Plaintiff alleged that he was directly transferred to a live representative of the purported agent who stated the phone call was placed to "promote the goods and services of [the defendant]").

Instructive to the Court in assessing the sufficiency of the pleadings is the 2015 Declaratory Ruling and Order issued by the Federal Communications Commission ("FCC"), which has authority to promulgate regulations implementing the TCPA. In that Order, the FCC attempted to clarify what is needed to establish a "direct connection between a person or entity and the making of a call," and explained that the FCC looks "to the totality of the facts and circumstances surrounding the placing of a particular call to determine: 1) who took the steps necessary to physically place the call; and 2) whether another person or entity was so involved in placing the call as to be deemed to have initiated it." *2015 FCC Ruling*, 30 F.C.C. Rcd. at 7980. As the Court has noted, there is precious little information with which it can assess the totality of the circumstances surrounding the first June 23 call. Nevertheless, applying the FCC's first factor, the FAC is silent as to who took the steps necessary to place the call, as the automated message did not mention Alleviate, and Plaintiff has not included the caller ID of the originating number or provided any details about the three calls' contents. Applying the FCC's second factor, the FAC provides no detail regarding who was involved in placing the call. Indeed, the Court has not even been presented with details of the alleged conversation Plaintiff had with Jack Patnoe to determine that he was working at the direction of Defendant or that Defendant regularly used calling schemes to advertise its services. *Cf. Vivint Solar*, 2019 WL 2280731, at *3 (describing allegation that Plaintiff spoke to an employee of the defendant, who stated that the defendant "regularly utilizes telephone calls in which . . . prerecorded material advertises Vivint's services"). Therefore, the

Court is still left with no factual allegations connecting Defendant with the initiator of the call so as to establish either direct or vicarious liability under the TCPA.

Despite Plaintiff's argument to the contrary, this conclusion is not inconsistent with this Court's determination in one of Plaintiff's other TCPA actions, *Bank v. Spark Energy, LLC*. (*See* Pl.'s Supp. Opp'n, Dkt. 19, at 1); *see also Bank v. Spark Energy, LLC* ("*Spark Energy II*"), No. 19-CV-4478 (PKC) (LB), 2020 WL 6873436, at *2 (E.D.N.Y. Nov. 23, 2020) (denying Plaintiff leave to file an amended complaint after previously dismissing his case without prejudice). In that case, the Court, upon reviewing Plaintiff's proposed amended complaint, noted that it "appear[ed] to correct the[] deficiencies" regarding the alleged connection between Defendant and the offending calls. *Spark Energy II*, 2020 WL 6873436, at *2. However, there, Plaintiff's proposed amended complaint provided substantially more detail than is present in the FAC, including the phone number from which Plaintiff was called,[7] details of Plaintiff's conversations with the defendant's representatives, and allegations that Plaintiff was given the defendant's name as the provider of the service at issue. *Id.* (citing 33 paragraphs of new information regarding the details of Plaintiff's conversation with the representative). Furthermore, the original complaint in that case, which the Court had found deficient, was far more similar to the barebones FAC in this case, and, on appeal, the Second Circuit found on *de novo* review that the original complaint in *Spark Energy, LLC* was insufficient to state a TCPA claim against Spark Energy. *See Bank v. Spark Energy, LLC*, 860 F. App'x 205, 206 (2d Cir. 2021) (summary order).

---

[7] However, the proposed amended complaint did not allege that the phone number from which the recorded call was made belonged to Spark Energy. Rather, it asserted that it was a non-real number because it consisted of only 8 digits, including the area code. *See* Proposed Am. Compl., *Bank v. Spark Energy, LLC*, No. 19-CV-4478 (E.D.N.Y. Oct. 2, 2020), ECF No. 24, ¶ 41.

Because of the lack of information in the FAC connecting Defendant to the initiator of any of the three calls, the Court finds that Plaintiff has failed to adequately plead a TCPA claim against Defendant and dismisses this cause of action under Rule 12(b)(6).

### B. Section 227(c)(5) of the TCPA ("DNCR Claim")

Section 227(c)(5) of the TCPA provides a private right of action for violations of 47 C.F.R. § 64.1200(c)(2), which prohibits telephone solicitation to telephone numbers on the national DNCR. *See* 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2). Defendant points to the fact that there is no allegation that the residential land line on which Plaintiff received the three calls was listed on the national DNCR. (Def.'s Mot., at 2.) Plaintiff simply responds that he would "respectfully [ ] request permission to file an amended complaint that would correct this oversight." (Pl.'s Opp'n, at 2.)

This Court has unfortunately been at this very juncture before with Plaintiff. In *Spark Energy*, the Court dismissed Plaintiff's DNCR claim where he similarly failed to allege that his residential telephone number was on the national DNCR. *Bank v. Spark Energy, LLC* ("*Spark Energy I*"), No. 19-CV-4478 (PKC) (LB), 2020 WL 5752185, at *5 (E.D.N.Y. Sept. 24, 2020), *aff'd*, 860 F. App'x 205 (2d Cir. 2021) (summary order). In that case, the Court rejected Plaintiff's invitation to "take judicial notice of the fact that his residential telephone number is on the [DNCR]" because the Court cannot "use such records to establish the truth of the matter asserted therein." *Id.* Here, Plaintiff does not try a similar tactic but acknowledges the insufficiency of his pleading and, without even attempting to articulate good cause, seeks permission to amend his complaint a second time to cure this deficiency. (Pl.'s Opp'n, at 2 ("Alleviate notes that . . . 'the FAC is silent as to whether either of the alleged residential numbers were actually on the Do-Not-Call Registry or whether Plaintiff placed said numbers on the Do-Not-Call Registry.' Def. Ltr. at

12

2. I respectfully would request permission to file an amended complaint that would correct this oversight.").) The Court therefore has no trouble dismissing this claim under 12(b)(6).

### C. Leave to Amend TCPA and DNCR Claims

Plaintiff seeks leave to amend his complaint, for a second time, but only as to his DNCR claims. (*Id.*)

Rule 15(a)(1) allows a party to amend its complaint once as a matter of course within 21 days after serving the complaint or within 21 days after a responsive pleading has been served. *See* Fed. R. Civ. P. 15(a)(1). Where, as here, the time for amendment as a matter of course has passed, a party may amend its pleading with the opposing party's written consent or with leave of the court. Fed. R. Civ. P. 15(a)(2). "The court should freely give leave [to amend] when justice so requires." *Id.* Nevertheless, "it is within the sound discretion of the [court] to grant or deny leave to amend." *Green v. Mattingly*, 585 F.3d 97, 104 (2d Cir. 2009) (quotation marks omitted).

Certain factors, "such as undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party[,] . . . [and] futility of amendment," may justify a district court's decision to deny leave to amend. *Williams v. Citigroup, Inc.*, 659 F.3d 208, 213–14 (2d Cir. 2011) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). As relevant here, a court may deny a motion to amend where the movant knew or should have known facts upon which the amendment is based, especially where the movant does not explain the delay. *See Hutter v. Countrywide Bank, N.A.*, 41 F. Supp. 3d 363, 371 (S.D.N.Y. 2014), *vacated in part on other grounds*, 710 F. App'x 25 (2d Cir. 2018).

As this Court has concluded before in Plaintiff's *Spark Energy* case:

> Based on both the volume of, and rulings in, the TCPA cases Plaintiff has filed, it is plain that he specializes in this area, and the Court rejects any suggestion that Plaintiff did not know what facts had to be alleged for his [] TCPA claims in this case. Whatever tactical reason Plaintiff may have had for knowingly omitting

13

> essential facts in this case, the circumstances here justify a finding of bad faith and the denial of leave to amend.

*Spark Energy II*, 2020 WL 6873436, at *3 (denying Plaintiff leave to amend). It is clear from Plaintiff's litigation history—nearly a decade of bringing TCPA claims in the Eastern District of New York—that he knew or should have known the requirements to adequately plead a violation of both provisions of the TCPA he invokes in this case. Indeed, Plaintiff appears to not have learned from past pleading deficiencies for adequately alleging liability for violations of Section 227(b) and Section 227(c)(5)—even before this very Court. *See, e.g.*, *Spark Energy I*, 2020 WL 5752185; *Spark Energy II*, 2020 WL 6873436. The Court is further compelled to deny Plaintiff leave to further amend his pleadings because he has already done so once in this case—the day after Defendant filed its first PMC letter seeking leave to file a motion to dismiss. Plaintiff therefore had the benefit of a preview of Defendant's arguments for dismissal, at least as to the first cause of action for a violation of Section 227(b)(1). In the case of his DNCR claim under Section 227(c)(5) of the TCPA, he openly admits to his "oversight" in failing to plead adequate facts and does not even attempt to show good cause for this oversight.

Therefore, the Court finds that Plaintiff's barebones—and ultimately deficient— pleadings do not merit a third chance. *See Spark Energy, LLC*, 860 F. App'x at 206 (finding that the Court did not abuse its discretion in denying Plaintiff Bank leave to amend in *Spark Energy II*).

## II.    Plaintiff's GBL Claim

Section 1367(c) provides, in relevant part, that "district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point

toward declining to exercise jurisdiction over the remaining state-law claims." *Pension Benefit Guardian Corp.*, 712 F.3d at 727 (internal quotation marks omitted).

Because the Court has dismissed both of Plaintiff's federal causes of action and because the Court finds that judicial economy would be served in so doing, the Court declines to exercise supplemental jurisdiction over this GBL claim. *See Bank v. Philips Elecs. N. Am. Corp.*, No. 14-CV-5312 (JG) (VMS), 2015 WL 1650926, at *3 (E.D.N.Y. Apr. 14, 2015) (dismissing Plaintiff's TCPA claim and declining to exercise supplemental jurisdiction over Plaintiff's GBL claim); *see also Spark Energy LLC*, 860 F. App'x at 207 ("[H]aving properly dismissed Bank's federal claims and denied leave to amend, the District Court did not abuse its discretion in declining to exercise supplemental jurisdiction over his state-law claim.").

## CONCLUSION

For the reasons stated herein, Defendant's motion is granted and this case is dismissed.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: March 28, 2024
         Brooklyn, New York